United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50174
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ALEJANDRO PENALOZA-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2171-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Manuel Alejandro Penaloza-Ramirez, a citizen of Mexico,
pleaded guilty to illegal reentry after deportation in violation of
8 U.S.C. § 1326 and was sentenced to 84 months of imprisonment and
three years of supervised release. Penaloza-Ramirez argues that
his sentence is unreasonable as measured by the requirements of
18 U.S.C. § 3553(a). "[A] sentence within a properly calculated
Guideline range is presumptively reasonable." United States v.
Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The district court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Penaloza-Ramirez to 84 months, on the lower end of the advisory guideline range of 77 to 96 months. Given Penaloza-Ramirez's extensive criminal history, considering that Penaloza-Ramirez had been deported on four separate occasions, with no mitigating explanations for why he returned to the United States the three previous times, and given the seriousness of the offense which resulted in the 16-point enhancement, Penaloza-Ramirez has not rebutted the presumption that his sentence of 84 months was reasonable.

Penaloza-Ramirez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 84-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Penaloza-Ramirez's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Penaloza-Ramirez properly concedes that his argument is foreclosed in light of

2

<u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.